## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA M. MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-694-GKF-TLW |
| ) | |
| SAMSON RESOURCES COMPANY, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Before the court is Magistrate Judge T. Lane Wilson's Report and Recommendation [Dkt. #96] on the Motion for Attorney Fees [Dkt. #79] filed by defendant Samson Resources Company ("Samson"). Samson sought $50,566.00 in attorney fees and $26,716.00 in costs associated with expert witness fees. Magistrate Judge Wilson recommended the motion be denied. Samson filed an objection to the Report and Recommendation. [Dkt. #98].

### I. Standard of Review

The district court must conduct a *de novo* review of the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## II. Procedural History

Plaintiff Rebecca Murphy ("Murphy"), a former accounting assistant at Samson, was terminated by Samson effective November 20, 2008.[1]  Murphy filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  On April 1, 2010, the EEOC issued a Letter of Determination in which it found there was reason to believe Samson "unlawfully discriminated against [Murphy] by rescinding her reasonable accommodation, discontinuing her short term disability ("STD") benefits, and termination her employment in violation of the Americans with Disabilities Act of 1990, as amended ["ADA"]."  [Dkt. #69, Ex.14].

On October 28, 2010, Murphy filed suit in this court, alleging ADA discrimination, retaliatory discharge under the Family Medical Leave Act ("FMLA"), violation of the Oklahoma Anti-Discrimination Act ("OADA") and intentional infliction of emotional distress."  [Dkt. #2]. On March 31, 2011, Murphy filed another lawsuit in Tulsa County District Court alleging Samson had breached the Short Term Disability and Family Medical Leave Agreement ("STD Agreement") between the parties by terminating her instead of putting her on "no pay status." [Case No. 11-CV-274, Dkt. #3-1, Petition].  Samson removed the case to federal court, and it was consolidated with the earlier action.  [Case No. 10-CV-694, Dkt. #26].

Samson filed a motion for summary judgment on all of Murphy's claims.  [Dkt. #63]. The court granted Samson's motion on April 10, 2012.  [Dkt. #75].[2]  Subsequently, Samson filed its Motion for Attorney Fees, which this court referred to the Magistrate Judge for a  Report and Recommendation.  The Magistrate Judge recommends that the motion be denied.  [Dkt. #96].

Samson has objected to the Magistrate Judge's recommendation. [Dkt. #97].

---

[1] Unless otherwise noted, all references to the facts of the case are from the court's order granting defendant's motion for summary judgment.  [Dkt. #75].
[2] On May 8, 2013, the Tenth Circuit Court of Appeals affirmed the court's summary judgment decision.  [Dkt. #99].

### III. Analysis

Samson sought fees under three statutes: (1) the attorney fee provision of the ADA, 42 U.S.C. § 12205; (2) 12 Okla. Stat. § 936, which allows the prevailing party in, *inter alia*, an action to recover for labor or services, to recover attorney fees; and (3) 28 U.S.C. § 1927, which allows for an award of attorney fees against an attorney or party "who so multiplies the proceeding in any case unreasonably and vexatiously." Samson objects to the Magistrate Judge's recommendation that its fee requests under each of the statutes be denied.

#### A. ADA Claims

The ADA gives courts discretion to award attorney fees to a prevailing party. 42 U.S.C. § 12205. Courts apply a dual standard for awarding fees in civil rights actions such as the ADA, i.e., liberal awards for prevailing plaintiffs and limited awards for prevailing defendants. Under the standard, "a prevailing *plaintiff* ordinarily is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978). This is because "the plaintiff is the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority," and an award of fees to prevailing plaintiff is also an award of fees "against a violator of federal law." *Id.* at 418. However, the same policy considerations "are not present in the case of the prevailing defendant." *Id.* at 418-419. Rather, legislative history indicates Congress provided for discretionary awards to prevailing defendants only "to protect defendants from burdensome litigation having no legal or factual basis." *Id.* at 420. Thus, a prevailing defendant is entitled to recover fees only if the court finds the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Id.* at 421.

In declining to recommend an award of attorney fees under the ADA, the Magistrate Judge relied in large part on the EEOC's Letter of Determination. The EEOC concluded that the evidence showed Samson unlawfully discriminated against Murphy by rescinding her reasonable accommodation, discontinuing her STD benefits and terminated her employment in violation of the ADA. [Dkt. #87, Ex. 1]. In so finding, the EEOC stated:

> The commission's investigation establishes that the Charging Party maintained reasonable contact with Respondent during the accommodation period. The evidence of record also confirms that the Charging Party provided the Respondent with the requested updated physician's certification.

[Dkt. #87, Ex. 1].

The Magistrate Judge stated:

> The EEOC's finding understandably provided plaintiff with at least some comfort that she had stated a cognizable claim. The District Court, however, was not bound by the EEOC determination and obviously reached a different conclusion, finding that plaintiff's December 1 submission was untimely and that summary judgment was, therefore appropriate.
>
> * * *
>
> Nothing in the summary judgment briefing or in the District Court's order definitively establishes that the EEOC's determination was based on false information or that the facts, as they related to plaintiff's December 1 submission and subsequent termination (based on the date of the submission), were substantially different than those considered by the EEOC.

[Dkt. #96 at 12-13].

Samson contends the Magistrate Judge erred in giving *any* weight to the letter of determination because Murphy subsequently testified in her deposition that she was aware her December submission of the doctor's certification was untimely.[3] It asserts that—at the latest—

---

[3] The court, in its summary judgment order, made the following finding of fact:

> Murphy testified that she was aware—as of her November 26, 2008, appointment with Dr. Simmons—that she was already five days late in turning in her doctor's note excusing her from work, and waited an additional five days after receiving the note on November 26, 2008, to give it to Samson

plaintiff knew by the time her deposition was completed she did not have a viable ADA claim and should have dismissed the case.

The court disagrees. Regardless of the correctness of the EEOC's analysis or conclusion, the fact remains that Murphy received a letter from the agency concluding Samson had discriminated against her in violation of the ADA. And the EEOC's letter explicitly stated its investigation established that Murphy "maintained reasonable contact" with Samson and "provided [Samson] with the requested updated physician's certification." Murphy's reliance on the EEOC letter was reasonable until the court, in granting summary judgment against her, found that her failure to provide timely updated certifications was fatal to her FMLA retaliation and breach of contract claims.

Samson also argues the language of the court's summary judgment order supports a conclusion that plaintiff's ADA claims were frivolous. Specifically, with respect to the ADA discrimination claim, the court found there was "no evidence—other than Murphy's own opinion—that [Samson's refusal to allow her to apply for an internal transfer] was based on her migraines." [Dkt. #75 at 29]. With respect to Murphy's FMLA retaliation claim, the court found Murphy had shown "no evidence of pretext in the termination." [*Id.* at 33].

The court rejects Samson's argument. Employment discrimination cases are fact intensive and complex. The burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), requires extensive analysis. The court's order granting summary judgment was 37 pages long and addressed four causes of action. Each cause of action required proof of several elements. Murphy's failure to produce admissible evidence establishing the third

---

[Dkt. #75 at 14-15, Finding of Fact #67].

element of the prima facie case of ADA discrimination (i.e., that disability was a determining factor in the employer's decision), or pretext with respect to the FMLA retaliation claim does not render the lawsuit frivolous or without foundation.

## B. 12 Okla. Stat. § 936 Claim

Under 12 Okla. Stat. § 936, the prevailing party in any action to recover for labor and services "shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." The Magistrate Judge, however, recommended the court deny an award of attorney fees under § 936, stating, "Although plaintiff included a breach of employment contract claim in her second complaint, this case is, at is core, an employment discrimination case, not a case seeking payment for services rendered." [Dkt. #96 at 14].

In its objection, Samson argues it is entitled to recover attorney fees under the state statute because Murphy treated her alleged breach of contract claim as a separate and distinct claim from her ADA claims, and because damages, if awarded, would have been for a fixed amount of STD benefits.

The Oklahoma Supreme Court strictly interprets the attorney fee language of Section 936. *Russell v. Flanagan*, 544 P.2d 510, 512 (Okla. 1975) (rejecting an interpretation of § 936 which would authorize the courts to award attorney fees to the prevailing party in an action alleging injury that was merely related to a contract for labor and services); *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 512 (Okla. 1991) (rejecting § 936 attorney fee claim made by prevailing party in dispute over an agreement to assign overriding royalty interest in return for consulting services). *See also Beard v. Richards*, 820 P.2d 812, 816 (observing that liberal application of statutes authorizing prevailing party attorney fees has a chilling effect on the Oklahoma Constitution's guarantee that courts will be open to every person and justice shall be

6

administered without sale, denial, delay or prejudice). Accordingly, recovery of attorney fees under the statute is "limited to those situations where suit is brought for labor or services rendered." *In re Meridian Reserve, Inc.*, 87 F.3d 406, 411 (10th Cir. 1996). If "the substantive litigation raised [other] issues rather than basic contract enforcement questions," then fees are not recoverable under § 936. *In re Burns*, 3 Fed.Appx. 689, 691 (10th Cir. 2001) (unpublished) (holding that § 936 was not applicable to bankruptcy case in which debtors alleged their student loans, which were subject to loan contracts, should be discharged).

Here, although Murphy asserted a breach of contract claim under § 936, the focus of this case was ADA discrimination and FMLA retaliation. The contract claim was collateral to the federal employment discrimination claims. Applying the strict interpretation of the statute mandated by the Oklahoma Supreme Court, the court concludes Samson is not entitled to recover attorney fees under § 936.

### C. 28 U.S.C. § 1927

Samson asserts it is entitled to an award of attorney fees under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Under § 1927, "any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, is sanctionable." *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008).

For the same reasons set forth in the discussion of Samson's attorney fee claim under 42 U.S.C. § 12205, the court concludes the conduct of Murphy's counsel did not manifest either

7

intentional or reckless disregard of their duties to the court. The EEOC determination letter in Murphy's favor precludes a finding that her attorneys' conduct is sanctionable.

## IV. Conclusion

For the reasons set forth above, the Magistrate Judge's Report and Recommendation [Dkt. #96] is accepted and Samson's Motion for Attorney Fees [Dkt. #79] is denied.

ENTERED this 21st day of June, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT